# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMF SOFTWARE, LLC, a corporation<br><br>Plaintiff,<br><br>vs.<br><br>PRAKASH MAHARAJ, an individual and KANDJI, INC., a corporation.<br><br>Defendants. | Case No. |

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The above-entitled matter came duly on for hearing before the undersigned on _____, 2023, on the motion of Plaintiff Jamf Software, LLC ("Plaintiff" or "Jamf"), for a temporary restraining order against Defendants Prakash Maharaj ("Maharaj") and Kandji, Inc. ("Kandji") (collectively, "Defendants"), pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Based upon all the files, records, and proceedings herein, and pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court hereby finds as follows:

Plaintiff is likely to succeed on the merits of its breach of contract claims against Maharaj for violation of the confidentiality obligations contained in the 2020 Service Agreement and the Non-Disclosure Agreement and IP Assignment. Plaintiff is also likely to succeed on the merits of its claims against Defendants under the Defendant Trade Secrets Act for misappropriation of Plaintiff's trade secrets, as well as its claims against Defendants for tortious interference with contractual relations and tortious interference with prospective business relations.

Plaintiff has no adequate remedy at law, and Plaintiff will suffer immediate and irreparable harm absent injunctive relief. The relief sought through this Motion will not cause undue hardship

on Defendants and will only require them to abide by their contractual, statutory, and common law obligations. The relative balance of harms weighs in favor of granting the requested relief, and the entry of a temporary restraining order will serve the public interest.

Now, therefore, Plaintiff's Motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) is GRANTED as follows:

1. Defendants Prakash Maharaj and Kandji, Inc., are enjoined from disclosing any of the Plaintiff's trade secrets and other confidential information at any time.

2. Defendants Prakash Maharaj and Kandji, Inc., are enjoined from using any of Plaintiff's trade secrets and other confidential information at any time.

3. Defendants Prakash Maharaj and Kandji, Inc., are ordered to account for and return any and all Jamf trade secret and other confidential information in their possession, custody, or control.

4. Defendants Prakash Maharaj and Kandji, Inc., are ordered to produce all work computers, cellular phones, USB drives, thumb drives, disks, external hard drives, or any other electronic storage devices or systems which Defendants have utilized at any time from June 2023 to the present (the "Electronic Media").

5. Defendants Prakash Maharaj and Kandji, Inc., are ordered to produce their Electronic Media to a computer forensics expert identified by Jamf to conduct an appropriate search and forensic review of those devices.

6. Defendant Prakash Maharaj is enjoined from soliciting Jamf's customers in the Indian market during the pendency of this temporary restraining order.

7. Defendant Kandji, Inc., is enjoined from interfering with Defendant Prakash Maharaj's contractual obligations to Jamf.

8. Defendants Prakash Maharaj and Kandji, Inc., are ordered to provide an accounting of all revenues and profits derived from, facilitated by, or obtained by them, as a result of Defendants' misappropriation of Plaintiff's trade secrets and other confidential information.

9. Discovery shall immediately commence. The parties responses to any requests for the production of documents and/or interrogatories shall be due within 15 days of receipt during this expedited period.

IT IS SO ORDERED

Dated: _____, 2023.

_____
Judge of United States District Court for the District of Minnesota